UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL M.,
(A-Number: 222-597-420)

Petitioner,

v.

WARDEN, *et al.*,

Respondents.

Case No. 1:26-cv-05767-KES-FJS (HC)

ORDER CONSTRUING PETITIONER'S NOTICE TO CORRECT THE RECORD AS A MOTION TO CORRECT THE RECORD (ECF No. 5)

ORDER DENYING PLAINTIFF'S MOTION TO CORRECT THE RECORD (ECF No. 5)

Petitioner Manuel M. ("Petitioner") is a federal immigration detainee proceeding *pro se* and seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.)

On July 27, 2026, the court issued an order directing Respondents to file a response to the Petition and setting a briefing schedule. (ECF No. 4.) In that order, the court noted that Petitioner did not sign the petition under penalty of perjury but disregarded the defect. (*Id.* at 1 n.2.)

On July 31, 2026, Petitioner filed a "Notice to Correct the Record." (ECF No. 5.) Petitioner contends that the petition was, in fact signed under penalty of perjury, on pages 8 and 12 of the petition and on page 9 of the AO 242 form. Petitioner accordingly requests that the court correct the record to reflect that the petition was signed under penalty of perjury, reconsider any portion of the prior order premised on the petition being unsigned and unverified, and grant such further relief as the court deems just and proper. (*Id.*)

The court construes the filing as a motion to correct the record. Respondents have not had the opportunity to file a response, but the court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Upon review of the petition, Petitioner's motion is denied. On the specified pages of the petition, Petitioner included his typed name, but not his signature. (*See* ECF No. 1 at 8, 16, 20.) Because Petitioner is proceeding *pro se* (without an attorney), both the Federal Rules of Civil Procedure and this court's Local Rules require that all filed pleadings, motions, and papers be signed by the party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); Local Rule 131(b). Furthermore, because Petitioner is submitting his filings by mail, rather than electronically, Petitioner may not utilize an electronic signature. *See* Local Rule 131(f). Plaintiff is advised that all future filings submitted to the court in this action must include Petitioner's handwritten signature.

Nevertheless, Petitioner is reminded that the court disregarded the defect in the petition (ECF No. 1 at 1 n.2) and no portion of the court's prior order was premised on the petition being unsigned and unverified.

Based on the foregoing, the court HEREBY ORDERS as follows:

1. Petitioner's notice to correct the record, (ECF No. 5), is CONSTRUED as a motion to correct the record;
2. Petitioner's motion to correct the record, (ECF No. 5), is DENIED, as discussed above; and
3. The briefing schedule set by the court's July 27, 2026, order, (ECF No. 4), remains in effect.

IT IS SO ORDERED.

Dated: **August 4, 2026**

UNITED STATES MAGISTRATE JUDGE